UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HARVEY,

    Petitioner,                                Civil Action No. 4:07-15047

v.                                         HONORABLE PAUL V. GADOLA
                                                  UNITED STATES DISTRICT COURT

C. EICHENLAUB,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

### I. INTRODUCTION

James Harvey, (Petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan [FCI-Milan], has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks relief from the Bureau of Prisons' (BOP) determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

### II. PROCEDURAL HISTORY

On June 6, 2006, petitioner pleaded guilty before Judge Victoria A. Roberts of the United States District Court for the Eastern District of Michigan to one count of felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g). On November 16, 2006, Petitioner was sentenced to twenty-seven months in prison. *See United States v. Harvey,* U.S.D.C. 2:06-CR-20189 (E.D.

Mich.).[1]

While incarcerated at FCI-Milan, Petitioner entered the B.O.P.'s Residential Drug Abuse Treatment Program. Petitioner has applied for a one year reduction in his sentence with the B.O.P. pursuant to 18 U.S.C. § 3621(e)(2)(B). Petitioner has apparently been denied eligibility for a reduction of his sentence based on the fact that petitioner was convicted of being a felon in possession of a firearm.

Petitioner has now filed a petition for writ of habeas corpus, in which he seeks habeas relief on the following ground:

> The Bureau of Prisons' Decision to deny petitioner James Harvey early release benefits under 18 U.S.C. § 3621(e)(2)(B) denied petitioner of his statutory and United States Constitutional rights to due process of law and [the] Equal Protection Clause of the 14th Amendment.

### III. DISCUSSION

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001).

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the Bureau of Prisons may, in its discretion, reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following

---

[1] This Court obtained this information from the records of the United States District Court for the Eastern District of Michigan, which this Court is permitted to take judicial notice of. *See United States v. Rigdon,* 459 F. 2d 379, 380 (6th Cir. 1972).

the successful completion of a substance abuse treatment program:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.
> *Id.*

To provide guidelines for the implementation of the early release program, the BOP adopted 28 C.F.R. § 550.58. This regulation states in pertinent part:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are *not* eligible for early release:
>
> * * *
>
> (vi) Inmates whose current offense is a felony:
>
> * * *
>
> (B) that involved the carrying, possession, or use of a firearm.

28 C.F.R.§ 550.58 (a)(1)(vi)(B)(emphasis added).

In *Lopez v. Davis*, 531 U.S. 230, 238-245 (2001), the Supreme Court upheld § 550.58 and determined that the BOP, pursuant to its discretion to prescribe additional early release criteria, is entitled to categorically exclude certain inmates from early release. The Supreme Court stated that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb." *Id*. at 242. "The Bureau may consider aspects of the conduct of conviction, even though the conviction is a criterion of statutory eligibility." *Id* at 243. Moreover, the Supreme Court rejected the argument that the BOP was required under § 3621(e) to make a case by case assessment of eligibility for early release. *Id.* at 243-44. The Supreme Court concluded that the BOP had the discretion to promulgate and use § 550.58 to categorically deny early release to federal prisoners whose felonies involved the use of a firearm.

3

*Id.* In so ruling, the Supreme Court ruled that the BOP could reasonably conclude that an inmate's prior involvement with firearms, in connection with a felony, suggested a readiness to resort to "life-endangering violence" that was relevant to the early release decision. *Lopez,* 531 U.S. at 244.

In the present case, Petitioner was convicted of being a felon in possession of a firearm. Because Petitioner's offense was a felony which involved the carrying, possession, or use of a firearm, Petitioner was ineligible for a sentence reduction based on his successful completion of the drug treatment program. *See United States v. Smith,* 474 F. 3d 888, 894-95 (6th Cir. 2007); *Tillmon v. Hemingway,* 20 Fed. Appx. 482, 483 (6th Cir. 2001).

Petitioner's equal protection claim is also without merit. In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment, a claimant must allege that a state actor intentionally discriminated against him or her because of membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F. 2d 332, 341 (6th Cir. 1990). Prisoners are not a suspect class under equal protection principles. *See Carnes v. Engler,* 76 Fed. Appx. 79, 81 (6th Cir. 2003); *Hadix v. Johnson,* 230 F. 3d 840, 843 (6th Cir. 1998); *Perez,* 157 F. Supp. 2d at 795. In the present case, Petitioner's equal protection claim is without merit because he has failed to allege any facts which show that the BOP intentionally discriminated against him on the basis of his membership in a protected class such as race, religion, or nationality. *Carnes*, 76 Fed. Appx. at 81. *See also Swant v. Hemingway*, 23 Fed. Appx. 383, 384 (6th Cir. 2001)(exclusion of inmate whose drug sentence included a weapon enhancement from eligibility under § 3621(e) for successfully completing a drug treatment program did not violate equal protection).

Moreover, Petitioner offers no evidence that other prisoners who were convicted of

offenses which involved the carrying, possession, or use of a firearm have been granted a one year sentence reduction upon completion of the BOP's residential drug treatment program. Conclusory allegations that a Petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief. *Perez,* 157 F. Supp. 2d at 795. Because Petitioner has failed to show that similarly situated prisoners have been denied a sentence reduction, Petitioner is not entitled to habeas relief on his clam.

Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Perez v. Hemingway*, 157 F. Supp. 2d at 796.

## IV. ORDER

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus [docket entry #1] is **DENIED**. Because a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *See Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

**SO ORDERED.**

Dated:   December 3, 2007               s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  December 3, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  _____James Harvey_____  .

                                                         s/Ruth A. Brissaud_____
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845